JAMES C. ALLEN ET AL.<br>V.<br>JOHN MASON ET AL.

1. WAIVER OF OBJECTIONS.—When specific objections are made to testimony, none of which are tenable, other objections must be regarded as waived.

2. INDORSEMENT OF NOTE TO FIRM.—The indorsement of a note by an individual to a firm of which he is a member, vests the legal title in the firm. The indorsement in such case is not of a moiety of the note nor is it an indorsement in which the indorser and indorsee are in any legal sense the same person.

ERROR to the Circuit Court of Jasper county; the Hon. W. C. JONES, Judge, presiding. Opinion filed November 27, 1885.

Messrs. ALLEN, HANNA & HALLEY, for plaintiffs in error; that a note can not be indorsed, part of the sum remaining due to the indorser upon it, cited Miller v. Bledsoe, 1 Scammon, 530; 4 Byles on Bills, 238.

Mr. GEORGE W. FITHIAN, for defendants in error.

WILKIN, J. John Mason filed his declaration in assumpsit on a promissory note against plaintiffs in error and others, to the December term, 1884, of the Jasper Circuit Court.

Allen v. Mason.

On the 8th day of the term, on motion of his attorney, he was allowed to amend his declaration by making Frank Huss, William M. Jones, John A. Brown and John Mason, partners, doing business under the firm name and style of The People's Bank, now parties plaintiff.

The note sued on is dated April 17, 1883, due ninety days after date, payable to John Mason, for one thousand dollars, and signed by plaintiffs in error and others. Indorsed: Pay to the People's Bank. The John Mason who is payee in the note is the same John Mason who is named in the amendment to the declaration as one of the firm of The People's Bank.

On the trial defendant in error offered the note and indorsement in evidence, and plaintiffs in error objected for the reason that the payee could not legally indorse the note to himself and others. The court overruled the objection.

Judgment was rendered for the amount due on the note. Plaintiffs in error bring the case to this court on writ of error, and urge its reversal, 1st, because the court below overruled their objection to the introduction of the note, and indorsements in evidence, and 2d, because the court allowed the amendment to the declaration.

On the question of the admissibility of the note and indorsements, it is insisted that defendants in error were bound to prove that the note was indorsed before the suit was brought. It is conceded that when a note is indorsed in blank the presumption is that it was indorsed before maturity; but it is insisted that the fact that John Mason brought suit on the note in his own name overcomes that presumption. If there is any force in this position the plaintiffs in error are not in a position to avail themselves of it in this court. They did not urge this specific objection in the court below, but placed their objection on another and different ground.

" Where various objections may be made to evidence, some of which may be removed by other proof, the party making the objection ought to point out specifically those he insists on, and thereby put the adverse party on his guard and afford him an opportunity to obviate them." Sargeant v. Kellogg et al. 5th Gilman, 281 ; Swift v. Whitney, 20 Ill. R. 145.

" When specific objections are made to testimony, none of which are tenable, other objections must be regarded as waived." Wickenkamp v. Wickenkamp, 77 Ill. 95.

Many other authorities might be cited in support of both of the above rules of practice.

The specific objection made below is renewed here, and it is maintained by plaintiffs in error that the indorsement by John Mason to a firm of which he is a member does not vest the legal title in the firm. No authority is cited in support of this position. That a moiety of a negotiable instrument can not be assigned is unquestionably true, but the assignment by John Mason to the firm is not of a moiety but of the whole note. The individual interest of John Mason passed out of him by the assignment as effectually as it would by an assignment to a firm to which he was an entire stranger. In other words, the firm and John Mason are distinct parties, notwithstanding he is a member of the firm.

The indorsement is not, as we understand it, of a moiety of the note, nor is it an indorsement in which the indorser and indorsee are in any legal sense the same person; and we think the court below properly overruled the objection. The amendment was allowable under the provisions of Sec. 24 of the Practice Act. Nor is there anything in the record to show that objection was made to the order allowing the amendment in the court below. It can not be urged in this court for the first time.

The judgment of the circuit court is affirmed.

Affirmed.